Louis A. **FERRARA**, Plaintiff–Appellant,

v.

**UNITED STATES of America,** Defendant–Appellee.

**Docket No. 04-4769.**

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Louis A. Ferrara, Brooklyn, New York, for Appellant, pro se.

Thomas A. McFarland, Assistant United States Attorney (Varuni Nelson, Beth P. Schwartz, Assistant United States Attorneys, on the brief), for Roslynn R. Mauskopff, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: MINER, RAGGI, Circuit Judges, and KARAS,[1] District Judge.

---

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment, dated July 8, 2004, and entered on the docket on July 12, 2004, is AFFIRMED.

Plaintiff-appellant, Louis Ferrara, who was found guilty after a 1989 jury trial on conspiratorial and substantive charges of cocaine trafficking, was sentenced on September 14, 1990, to a 151–month term of incarceration, a total of five years of supervised release, a $25,000 fine, and a $100 special assessment. He now appeals from the 2004 denial of his motion to remit the imposed fine, asserting that the district court erred in concluding that it lacked authority to grant the requested relief when, in fact, 18 U.S.C. § 3583(e)(2) permitted it to do so. We assume the parties' familiarity with the facts and prior proceedings, which we reference only as necessary to explain our decision.

Rule 35 of the Federal Rules of Criminal Procedure restricts a district court's ability to reduce a lawfully imposed sentence to circumstances not present in this case. Title 18 U.S.C. § 3583(e)(2), nevertheless, confers jurisdiction on district courts to "modify, reduce, or enlarge the conditions of supervised release." *United States v. Balon*, 384 F.3d 38, 47 (2d Cir. 2004) (quoting 18 U.S.C. § 3583(e)(2)) (internal quotation marks omitted). Ferrara's judgment of conviction imposes concurrent supervised release terms of three and five years, but it does not specify that payment of the ordered $25,000 fine constitutes a special condition of that supervision. Under these circumstances, even if the district court had been inclined to remit Ferrara's fine—which Judge Dearie

made clear he was not— § 3583(e)(2) did not empower it to grant that relief.

The July 8, 2004 judgment of the district court is AFFIRMED.